[Cite as *State ex rel. Kish v. Kroger Co.,* 135 Ohio St.3d 451, 2013-Ohio-1931.]

THE STATE EX REL. KISH, APPELLANT, *v.* KROGER COMPANY ET AL.,

APPELLEES.

[Cite as *State ex rel. Kish v. Kroger Co.,* 135 Ohio St.3d 451, 2013-Ohio-1931.]

*Workers' compensation—Doctor's addenda to original report constituted some evidence to support Industrial Commission's decision—Appellate court's denial of writ of mandamus affirmed.*

(No. 2011-1990—Submitted April 9, 2013—Decided May 14, 2013.)

APPEAL from the Court of Appeals for Franklin County,

No. 10AP-882, 2011-Ohio-5766.

_____

**Per Curiam**.

{¶ 1}  Appellant, Becky Kish, appeals the judgment of the court of appeals denying her request for a writ of mandamus to require appellee the Industrial Commission to award her compensation pursuant to R.C. 4123.57(B) for the loss of use of her left arm.

{¶ 2}  The court of appeals determined that the reports of Dr. David C. Randolph dated June 21 and October 2, 2009, issued as addenda to his original report of March 5, 2009, constituted some evidence in support of the commission's decision denying Kish's request for compensation for the loss of use of her left arm.  Thus, the court concluded that the commission had not abused its discretion.

{¶ 3}  For the reasons that follow, we agree, and we therefore affirm the judgment of the court of appeals denying the writ of mandamus.

{¶ 4}  Kish was working as a clerk for appellee Kroger Company on January 3, 1990, when she slipped and fell on a wet floor, injuring her left ankle.

Since then, she has suffered several other injuries that have been attributed to her underlying ankle injury. By 2009, Kish's workers' compensation claim had been allowed for the following conditions: left ankle injury, reflex sympathetic dystrophy ("RSD"), depression, fracture/dislocation left elbow with compartment syndrome, and loss of use of the left leg. Also by 2009, she had had multiple surgeries and was taking approximately 14 medications.

{¶ 5} On February 23, 2009, at the request of Kroger, Dr. David C. Randolph examined Kish to determine whether further treatment was necessary and appropriate for her injury and other allowed conditions. In a March 5, 2009 report, Dr. Randolph identified and accepted the following allowed conditions: "left lower leg injury; depressive disorder; RSD; fracture left lower humerus, closed; [and] early complications of trauma." His report noted Kish's current complaints and the medical records he had reviewed. It also detailed his physical examination of Kish. Dr. Randolph concluded that Kish required no further medical treatment for her 1990 industrial injury and other allowed conditions in her claim and that her current medications were neither necessary nor appropriate for her allowed conditions.

{¶ 6} As a result, Kroger notified Kish that Kroger would no longer pay for her treatment or medications.

{¶ 7} On March 18, 2009, Kish filed a motion asking the commission to authorize continued treatment and medications, and a week later, she filed a motion for scheduled compensation for the loss of use of her left arm. She submitted a report from Dr. Douglas Gula in support of both motions. Dr. Gula had examined Kish on October 3, 2008, to evaluate her left arm. In a report dated March 25, 2009, he concluded that Kish had "suffered serious injury to the left upper extremity" and that she demonstrated the loss of use "based upon combination of finger, hand, wrist, elbow and shoulder function." He also

concluded that she demonstrated "significant signs of complex regional pain syndrome" related to her left arm.

{¶ 8}   In April 2009, a district hearing officer authorized her continued treatment and medications based on the reports from Dr. Gula and another doctor.

{¶ 9}   On June 21, 2009, Dr. Randolph wrote an addendum to his original report to specifically address the alleged loss of use of Kish's left arm. According to Dr. Randolph, there was no objective evidence to support Kish's claim and Dr. Gula's opinion was invalid because he had merely relied on her self-reporting of pain and loss of function and had not made any objective findings to support the claims.

{¶ 10} On July 16, 2009, Dr. Gula responded to Dr. Randolph's criticisms. He reiterated that Kish "does demonstrate a complete loss of use in the sense of the ability to function."

{¶ 11} In August 2009, a district hearing officer denied Kish's motion for compensation for the loss of use of her arm based on Dr. Randolph's June addendum. The hearing officer specifically rejected Dr. Gula's opinion.

{¶ 12} Kish appealed, and each doctor responded in writing to the hearing officer's decision. On September 11, 2009, Dr. Gula clarified that Kish's loss of use of her left arm was based upon the allowed condition of fracture dislocation left elbow, with associated compartment syndrome. On October 2, 2009, Dr. Randolph repeated his opinion that Kish did not suffer a total loss of use of her left arm and that Dr. Gula's opinion was not supported by objective evidence.

{¶ 13} A staff hearing officer denied the motion based on Dr. Randolph's June and October addenda. The hearing officer noted that Dr. Randolph had "opined that there are no objective abnormalities with respect to [Kish's] left upper extremity which would support a total loss of use. * * * Dr. Randolph observed [Kish] during his examination and noted that when [she] was unaware of

being observed her left upper extremity function appeared to be approaching normal."

{¶ 14} The commission denied Kish's further appeal.

{¶ 15} Kish filed a complaint for a writ of mandamus in the Tenth District Court of Appeals alleging that the commission's decision constituted an abuse of discretion. The court of appeals concluded, however, that Dr. Randolph's addenda constituted some evidence upon which the commission could rely to support its decision denying Kish's claim for the loss of use of her left arm. Thus, the appellate court determined that the commission had not abused its discretion and denied the writ.

{¶ 16} This cause is now before this court on an appeal as of right.

{¶ 17} The dispositive issue is whether the second and third reports of Dr. Randolph—issued as addenda to his original report of March 5, 2009— constituted some evidence to support the commission's decision denying Kish's motion for a scheduled loss-of-use award.

{¶ 18} First, Kish argues that Dr. Randolph's addenda could not be considered some evidence to support the commission's decision, because Dr. Randolph had not considered all the allowed conditions in his first report, in particular, the compartment syndrome associated with Kish's left arm.

{¶ 19} An examining physician must consider the allowed conditions of the claim in order to render an opinion that will constitute some evidence upon which the commission can rely. *State ex rel. Richardson v. Quarto Mining Co.*, 73 Ohio St.3d 358, 652 N.E.2d 1027 (1995). In his original report, Dr. Randolph listed Kish's allowed injuries related to her left arm as "fracture left lower humerus, closed" and "early complications of trauma," but he did not expressly refer to Kish's allowed condition as "fracture/dislocation left elbow with compartment syndrome." Thus, Kish argues that Dr. Randolph did not consider

4

the compartment-syndrome component and his opinion cannot support the commission's decision.

{¶ 20} The court of appeals noted that Dr. Randolph acknowledged in his report that Kish told him that she had developed compartment syndrome in her left arm. In addition, the appellate court noted that "compartment syndrome" is a subcategory of "early complications of trauma." Thus, when Dr. Randolph considered "early complications of trauma," he considered compartment syndrome. Finally, the appellate court reasoned that Dr. Randolph would also have considered compartment syndrome when he responded to Dr. Gula's opinion that mentioned the condition.

{¶ 21} There is no dispute that Dr. Randolph examined Kish's left arm and provided clinical findings in support of his opinion. He also considered early complications of trauma, of which compartment syndrome is a subcategory, Centers for Disease Control and Prevention, *International Classification of Diseases* 686-687 (9th Ed.2011), and he addressed Dr. Gula's comments on the condition. Consequently, Kish's argument that Dr. Randolph did not consider compartment syndrome lacks merit.

{¶ 22} Next, Kish contends that the commission implicitly rejected Dr. Randolph's initial report in its order authorizing the continuation of treatment and medications, so his addenda must likewise be rejected, in accordance with *State ex rel. Zamora v. Indus. Comm.*, 45 Ohio St.3d 17, 19, 543 N.E.2d 87 (1989) (it would be inconsistent for the commission to reject a medical report at one level, for whatever reason, and rely on it at another).

{¶ 23} As the court of appeals concluded, the commission did not rely on Dr. Randolph's March 2009 report in its order denying the loss-of-use motion but instead relied on his later addenda, so there was no violation of *Zamora*. Furthermore, although the commission had implicitly rejected Dr. Randolph's conclusion regarding the continuation of medical treatment, it did not reject the

clinical findings from his initial examination. His later addenda relied on those clinical findings, but addressed a different issue—specifically, the loss of use of the left arm. It was within the commission's discretion to rely on those reports. *State ex rel. Crocker v. Indus. Comm.*, 111 Ohio St.3d 202, 2006-Ohio-5483, 855 N.E.2d 848, ¶ 16 (*Zamora* does not mean that the commission can *never* rely on a report from a doctor whose opinion has been rejected. "What the commission cannot do is accept the same doctor's opinion on one matter that it previously rejected"). *See also State ex rel. Value City Dept. Stores v. Indus. Comm.*, 97 Ohio St.3d 187, 2002-Ohio-5810, 777 N.E.2d 249, ¶ 22.

{¶ 24} Finally, Kish contends that Dr. Randolph fabricated additional observations and findings in his October 2, 2009 addendum to support his opinion. Kish maintains that Dr. Randolph's statement that her left arm was "quite functional" and "appear[ed] to be approaching normal" when she was unaware of being observed was contrary to findings in his original report. We find that the record does not contain evidence to support Kish's allegation that the doctor fabricated this or any other statement. Without more, we find that Kish's argument is merely speculative.

{¶ 25} Because the June and October 2009 addenda of Dr. Randolph constituted some evidence to support the commission's decision to deny Kish's request for compensation for the loss of use of her left arm, the commission did not abuse its discretion and the court of appeals properly denied the writ.

{¶ 26} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Law Offices of James A. Whittaker, L.L.C., Laura J. Murphy, and James A. Whittaker, for appellant.

Michael DeWine, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission.

Beirne & Wirthlin Co., L.P.A., and J. Stephen Wirthlin, for appellee Kroger Company.

————————————————