[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McCormick v. McDonald's,* Slip Opinion No. 2015-Ohio-123.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-123

THE STATE EX REL. MCCORMICK, APPELLANT, *v*. MCDONALD'S ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McCormick v. McDonald's,* Slip Opinion No. 2015-Ohio-123.]

*Workers' Compensation—Determination of maximum medical improvement—Physician's opinion regarding maximum medical improvement is not automatically rendered premature by a subsequent request for and approval of a treatment plan—Judgment affirmed.*

(No. 2013-0577—Submitted September 9, 2014—Decided January 20, 2015.)

APPEAL from the Court of Appeals for Franklin County,
No. 11AP-902, 2013-Ohio-766.

_____

**Per Curiam**.

{¶ 1} Appellant, Ruth McCormick, appeals the judgment of the Tenth District Court of Appeals that denied her request for a writ of mandamus requiring the appellee Industrial Commission to vacate its order terminating her temporary-total-disability compensation.

**{¶ 2}**   The commission's order was based on the opinion of Amardeep Chauhan, D.O., that McCormick had reached maximum medical improvement. McCormick argued that Dr. Chauhan's opinion was factually inaccurate and should not have been considered under *State ex rel. Sellards v. Indus. Comm*., 108 Ohio St.3d 306, 2006-Ohio-1058, 843 N.E.2d 753.   *Sellards* held that a physician's report concluding that the claimant had reached maximum medical improvement could not serve as evidence to deny temporary-total-disability compensation where another physician's plan for further treatment was approved by the commission the same day as the maximum-medical-improvement assessment and the physician who issued the assessment was not aware of the approved plan.

**{¶ 3}**   The court of appeals distinguished *Sellards* and denied the writ. For the reasons that follow, we affirm.

**{¶ 4}**   On December 6, 2002, McCormick slipped and fell while working at a McDonald's restaurant.   Her workers' compensation claim was allowed for concussion, contusion of scalp, sprain of neck, bulging disc, aggravation of preexisting degenerative disc disease, and bilateral stenosis.

**{¶ 5}**   On August 13, 2010, at the request of the Bureau of Workers' Compensation, Dr. Chauhan conducted an independent medical examination to determine the extent of McCormick's disability.   Dr. Chauhan reviewed her medical history, which included conservative treatment until 2006, a two-year lapse, and then a return to the care of a chiropractor in 2008.   Dr. Chauhan reported that based on the medical history and his physical examination, McCormick had reached a treatment plateau and was able to return to her former position of employment without any restrictions.   He reported that she did not require further treatment for the allowed conditions.

**{¶ 6}**   On August 27, 2010, McCormick's treating physician, Shawn M. Donatelli, D.O., requested authorization for three steroid injections that were

2

eventually approved by a managed-care organization. On August 30, 2010, McCormick's chiropractor, Michael Getsy, D.C., estimated that McCormick would reach maximum medical improvement in three months.

{¶ 7} On August 31, 2010, the bureau moved to terminate temporary-total-disability compensation based on Dr. Chauhan's opinion that McCormick had reached maximum medical improvement—a point at which R.C. 4123.56 mandates that temporary-total-disability compensation terminate. Following a hearing on October 8, 2010, a district hearing officer granted the bureau's request. McCormick appealed.

{¶ 8} Between September 14 and October 19, 2010, McCormick received the three steroid injections. On November 17, 2010, a staff hearing officer affirmed the order terminating temporary-total-disability compensation. McCormick filed an appeal, which the commission refused. McCormick asked the commission to reconsider, alleging that the November 17, 2010 order contained a mistake of law and was contrary to the reasoning in *Sellards*. The commission unanimously voted to deny reconsideration.

{¶ 9} McCormick filed a complaint for a writ of mandamus. She alleged that she continued to be temporarily and totally disabled as a result of her work-related injury and that the commission's decision to terminate benefits was not supported by the evidence, was contrary to law, and was an abuse of discretion. The court of appeals denied the writ of mandamus.

{¶ 10} This matter is before the court on McCormick's appeal as of right.

{¶ 11} To be entitled to extraordinary relief in mandamus, McCormick must establish that she has a clear legal right to the relief requested and that the commission has a clear legal duty to provide it. *State ex rel. Rouch v. Eagle Tool & Machine Co.*, 26 Ohio St.3d 197, 198, 498 N.E.2d 464 (1986). To do so, McCormick must demonstrate that the commission abused its discretion by entering an order not supported by "some evidence" in the record. *State ex rel.*

*Avalon Precision Casting Co. v. Indus. Comm.*, 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, ¶ 9.

{¶ 12} The question before us is whether the commission's order terminating McCormick's temporary-total-disability compensation was supported by evidence in the record. The answer is yes. The report of Dr. Chauhan that McCormick had reached maximum medical improvement was evidence supporting the commission's decision to terminate temporary-total-disability compensation, and, contrary to McCormick's assertion, *Sellards* does not apply to invalidate Dr. Chauhan's opinion.

{¶ 13} R.C. 4123.56 mandates that payments for temporary total disability stop when the injured worker has reached maximum medical improvement. Maximum medical improvement is defined as

> a treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures. An injured worker may need supportive treatment to maintain this level of function.

Ohio Adm.Code 4121-3-32(A)(1).

{¶ 14} McCormick argues that Dr. Chauhan's opinion that she had reached maximum medical improvement was factually inaccurate when the commission relied upon it because additional treatment (the steroid injections) was approved in the interim. McCormick maintains that according to *Sellards*, the commission cannot rely on a medical report that is based on a factually wrong foundation.

{¶ 15} In *Sellards*, the claimant suffered a back injury at work in 1998 that reached maximum medical improvement by January 2001. In November

2001, he began seeing a psychiatrist; the commission subsequently allowed his claim for depression. On October 22, 2002, the commission approved his psychiatrist's treatment plan for psychotherapy and medication. Coincidentally, on the same day, Sellards was examined by another psychiatrist, Dr. Allen Levy, who concluded that Sellards's psychiatric condition had reached maximum medical improvement.

{¶ 16} A district hearing officer relied on Dr. Levy's report and terminated temporary-total-disability compensation. Sellards subsequently submitted a letter from his treating psychiatrist, Dr. J.T. Spare, who explained that there had been no opportunity to see if Sellards could benefit from treatment because he had had difficulty getting the bureau to pay for prescriptions. Nevertheless, a staff hearing officer affirmed the finding of maximum medical improvement.

{¶ 17} This court granted Sellards's request for a writ of mandamus, briefly explaining:

> The single issue presented is an evidentiary one. Sellards challenges Dr. Levy's opinion of maximum medical improvement as premature based on Dr. Spare's contemporaneously approved treatment plan and urges its disqualification. We agree with Sellards and accordingly reverse the judgment of the court of appeals.
>
> Prior to his examination by Dr. Levy, Sellards struggled to get the treatment recommended by his treating physician, Dr. Spare, who believed that Sellards would benefit from medication and psychotherapy. The commission, in approving that treatment, obviously wanted to give Sellards the opportunity for further treatment. We believe that Sellards merits that opportunity before

maximum medical improvement is assessed. Dr. Levy's opinion was premature based on the commission's contemporaneous approval of Dr. Spare's treatment program. Dr. Levy's opinion could not, therefore, serve as evidence supporting denial of temporary total disability compensation.

*Sellards*, 108 Ohio St.3d 306, 2006-Ohio-1058, 843 N.E.2d 753, at ¶ 19-20.

{¶ 18} The commission maintains that this case is vastly different from *Sellards*. In *Sellards*, the claimant's depression was a recently allowed condition that had not been adequately treated, and the commission had approved a treatment plan on the same day that Dr. Levy examined Sellards. In this case, Dr. Chauhan knew at the time of his examination that McCormick had received years of therapy and chiropractic treatments for her allowed conditions, and there was no contemporaneously approved treatment plan.

{¶ 19} *Sellards* was narrowly decided based on its unique facts. This court's conclusion that the doctor's opinion was premature was narrowly based on two factors: the bureau's error or delay in paying for Sellards's psychiatric prescriptions and Dr. Levy's lack of awareness of the contemporaneous approval of Dr. Spare's treatment plan when he issued his report. *Id*. Those factors do not appear in this case. Although McCormick asks us to broadly interpret *Sellards*, our analysis in that case did not indicate that a finding of maximum medical improvement would be premature or invalid whenever other evidence comes into existence after the finding was made. Thus, McCormick's argument fails.

{¶ 20} McCormick asks us to take notice of the recent decision in *State ex rel. Barnett v. Indus. Comm.*, 10th Dist. Franklin No. 13AP-161, 2014-Ohio-311, in which the appellate court concluded that the opinion of David A. Garcia, D.O., regarding maximum medical improvement was premature, citing *Sellards* as authority. At the time Dr. Garcia issued his opinion, he believed that a proposed

treatment plan had been denied. The commission later approved the plan; nevertheless, a staff hearing officer relied on Dr. Garcia's opinion to terminate temporary-total-disability compensation. The court of appeals concluded that Dr. Garcia's opinion relied on his incorrect belief that the treatment plan had not been authorized, and thus it could not support the commission's decision to terminate temporary-total-disability compensation.

{¶ 21} In *Barnett*, the court of appeals focused on the facts of the case, i.e., that Dr. Garcia was aware that treatment had been proposed but believed that it was not authorized. *Id*. at ¶ 47. Those factors do not appear in this case. Dr. Chauhan did not know that two weeks after his report was issued, McCormick's treating physician would ask a managed-care organization for authorization to administer three steroid injections. Thus, *Barnett*, like *Sellards*, is distinguishable and does not support McCormick's argument that Dr. Chauhan's opinion was factually inaccurate.

{¶ 22} In conclusion, *Sellards* does not automatically render premature a doctor's opinion on maximum medical improvement when there is a subsequent request for and approval of a treatment plan. Thus, the court of appeals did not abuse its discretion when it concluded that *Sellards* did not apply.

{¶ 23} Finally, McCormick requests oral argument pursuant to S.Ct.Prac.R. 17.02(B). Oral argument in this appeal as of right is subject to our discretion. S.Ct.Prac.R. 17.02(A). In exercising that discretion, we consider "whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. Davis v. Pub. Emps. Retirement Bd*., 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15, citing *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Ohio Bur. of Workers' Comp*., 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 25–26. Here,

this is a dispute over the sufficiency of the evidence, and the parties' briefs are sufficient to resolve the issue raised. We therefore deny the motion.

{¶ 24} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Green Haines Sgambati Co., L.P.A., Ronald E. Slipski, Shawn D. Scharf, and Charles W. Oldfield, for appellant.

Michael DeWine, Attorney General, and Cheryl J. Nester, Assistant Attorney General, for appellee Industrial Commission.

_____