[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Old Dominion Freight Line, Inc. v. Indus. Comm.*, Slip Opinion No. 2016-Ohio-343.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-343

THE STATE EX REL. OLD DOMINION FREIGHT LINE, INC., APPELLANT, *v.*

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Old Dominion Freight Line, Inc. v. Indus. Comm.*, Slip Opinion No. 2016-Ohio-343.]

*Workers' compensation—Permanent total disability—Industrial Commission's failure to send employer's medical reports to independent examining physicians before their examination of claimant—Failure was not prejudicial to employer when commission provided reports to independent examining physicians after their examination requesting reconsideration in light of employer's evidence—Commission did not abuse discretion in refusing employer's request to depose independent examining physicians.*

(No. 2014-1159 — Submitted September 15, 2015 — Decided February 2, 2016.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-350, 2014-Ohio-2278.

_____

**Per Curiam**.

{¶ 1} Appellant, Old Dominion Freight Line, Inc., filed a complaint in the Tenth District Court of Appeals for a writ of mandamus that would require appellee the Industrial Commission of Ohio to vacate its award of permanent-total-disability compensation to appellee Robert L. Mason.

{¶ 2} The court of appeals denied the writ, concluding that Old Dominion did not have a clear legal right to the relief requested and the commission did not have a corresponding duty to provide such relief. For the reasons that follow, we affirm.

{¶ 3} Mason was injured on January 18, 2005, when he slipped on ice and broke his hip while working as a truck driver for Old Dominion. His claim was allowed for hip fracture, femur fracture, femoral neck fracture, depressive disorder, left short-leg syndrome, lumbar strain, and posttraumatic stress disorder.

{¶ 4} Mason applied for permanent-total-disability compensation in 2007, but the commission denied his application. He applied again in July 2009. Old Dominion notified the commission that it intended to submit medical evidence opposing the application. On September 22, 2009, the employer filed with the commission reports from Richard H. Clary, M.D. (psychiatrist), Oscar F. Sterle, M.D. (orthopedic surgeon), and Michael A. Murphy, Ph.D. (psychologist) who had all examined the claimant on behalf of the employer.

{¶ 5} The commission scheduled independent medical exams for Mason with William R. Fitz, M.D. (for his physical injuries) and with John M. Malinky, Ph.D. (for psychological injuries). On September 23, 2009, the commission mailed Dr. Fitz a confirmation of an October 7 appointment along with a copy of Mason's medical records, but it did not forward the reports that had been filed by Old Dominion. On October 5, 2009, the commission sent a similar confirmation to Dr. Malinky confirming an October 21 appointment.

**{¶ 6}** When Old Dominion learned that neither Dr. Fitz nor Dr. Malinky had received the medical reports it submitted, Old Dominion asked to depose the doctors. The commission denied the requests. Instead, the commission sent copies of the reports from Drs. Sterle, Murphy, and Clary to Dr. Malinky and asked whether the reports caused him to change his original opinion. Dr. Malinky stated that his opinion remained the same. The commission sent the reports of Drs. Sterle and Murphy to Dr. Fitz (the report of Dr. Clary was not sent), who likewise replied that the supplemental information had not changed his opinion.

**{¶ 7}** The commission granted Mason's application for permanent-total-disability compensation based on the opinions of the commission specialists, Drs. Fitz and Malinky.

**{¶ 8}** Old Dominion's complaint alleged that the reports of Drs. Fitz and Malinky were flawed because the doctors did not review the reports of the employer's medical experts before examining the claimant. Therefore, Old Dominion alleged, the award of permanent-total-disability compensation was an abuse of discretion.

**{¶ 9}** The court of appeals determined that it was not prejudicial to the employer for the commission to ask an examining physician who has already performed an initial physical examination to consider additional medical records when the commission, in good faith, had failed to submit all the medical records in advance. The appellate court remanded the case to the magistrate to review remaining arguments, including the sufficiency of the medical evidence. *State ex rel. Old Dominion Freight Line, Inc. v. Indus. Comm.,* 10th Dist. Franklin No. 11AP-350, 2012-Ohio-2403 ("*Old Dominion I*").

**{¶ 10}** Old Dominion filed an appeal that we, sua sponte, dismissed for lack of a final, appealable order. 137 Ohio St.3d 467, 2013-Ohio-4655, 1 N.E.3d 332.

**{¶ 11}** On remand, a magistrate determined that based on *Old Dominion I,* the employer suffered no prejudice when the commission submitted its medical

reports after the examinations and that Old Dominion's request to depose the doctors was unreasonable. The magistrate also concluded that the commission did not abuse its discretion when the hearing officer stated that he "particularly note[d]" the opinions of the claimant's doctors, Richard M. Ward, M.D., Charles B. May, D.O., and Lee Howard, Ph.D., in evaluating the credibility of the Fitz and Malinky reports.

**{¶ 12}** The court of appeals overruled the objections filed by Old Dominion, adopted the magistrate's decision, and denied the request for a writ of mandamus.

**{¶ 13}** This matter is before the court on the appeal as of right filed by Old Dominion.

**{¶ 14}** To be entitled to extraordinary relief in mandamus, a relator must establish a clear legal right to the relief requested and a clear legal duty on the part of the commission to provide such relief. *State ex rel. McCormick v. McDonald's,* 141 Ohio St.3d 528, 2015-Ohio-123, 26 N.E.3d 794, ¶ 12. Old Dominion is entitled to a writ if it demonstrates that the commission abused its discretion by entering an order not supported by "some evidence" in the record. *State ex rel. Avalon Precision Casting Co. v. Indus. Comm.,* 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, ¶ 9.

**{¶ 15}** The commission relied on the reports of Drs. Fitz and Malinky as evidence supporting its award of permanent-total-disability compensation. Old Dominion maintains that the reports were flawed because the doctors did not review the defense medical reports in advance of their independent medical examinations. According to Old Dominion, Ohio Adm.Code 4121-3-34(C)(2) mandates that the commission submit the medical evidence to its examining physicians in advance of their examinations, and the commission's failure to do so prejudiced Old Dominion's ability to defend against the application for permanent-total-disability benefits. Old Dominion maintains that the only reasonable way to cure this failure was to permit Old Dominion to depose each doctor.

A.    Supplementing Medical Evidence after the Independent Medical Examinations Did Not Prejudice Old Dominion

{¶ 16} The commission concedes that it inadvertently failed to forward copies of the defense medical reports prior to the examinations, but maintains that it cured the oversight by submitting the reports to the examining doctors after the examinations and asking them for addendum opinions.

{¶ 17} Ohio Adm.Code 4121-3-34(C)(2) requires the commission to serve a copy of the application for permanent-total-disability benefits and supporting documents on the claimant's employer. The employer then has 14 days to notify the commission if it intends to submit medical evidence in response. Ohio Adm.Code 4121-3-34(C)(4)(b). If so, the evidence must be filed within 60 days. *Id.*

{¶ 18} Ohio Adm.Code 4121-3-34(C)(5)(a) requires the claims examiner to schedule a medical examination of the injured worker and submit all relevant documents, including medical evidence from the employer, to the examining physician selected by the commission. Scheduling may not be delayed if the employer does not send a 14-day notice of intent to file its own medical evidence.

{¶ 19} Here, Old Dominion notified the commission that it intended to submit medical reports and timely filed three medical reports by the September 22, 2009 deadline. The claims examiner scheduled independent medical examinations with Drs. Fitz and Malinky, but did not send all the medical evidence in advance of the examinations. Old Dominion maintains that had the doctors read the defense medical reports before the examinations, their opinions may have differed.

{¶ 20} There is no dispute that the commission should have sent Old Dominion's medical evidence to the examining physicians when it sent Mason's records, but it did not. But Drs. Fitz and Malinky personally examined Mason and presumably each reached an opinion regarding permanent and total disability based on their own exams of the claimant, not the findings of other physicians. Old

Dominion provided no evidence that its medical reports would have changed the doctors' opinions had they received the reports in advance of their examinations.

{¶ 21} Ohio Adm.Code 4121-3-34 does not prohibit submitting supplemental information to physicians. It is not uncommon for a physician to issue, and the commission to accept, an addendum or a supplemental report after a medical examination. *See State ex rel. Kish v. Kroger Co*., 135 Ohio St.3d 451, 2013-Ohio-1931, 989 N.E.2d 45.

{¶ 22} Once the commission realized its inadvertent omission, it cured any potential problem by sending the relevant records to the doctors and requesting addendum reports. Old Dominion merely speculates that the doctors' opinions could have been different. We agree with the appellate court that Old Dominion failed to demonstrate that it was prejudiced by the commission's delay in sending the records.

B.      Old Dominion's Request to Depose Doctors was Not Reasonable

{¶ 23} Old Dominion argues that the only reasonable way to cure the commission's failure was to permit Old Dominion to depose each doctor. Because Old Dominion suffered no prejudice when the commission submitted its medical records to Drs. Fitz and Malinky after the examinations were performed, Old Dominion's request to depose each doctor was unreasonable and properly denied.

{¶ 24} A party who wants to depose a commission physician must make a written request with the reasons for the deposition. Ohio Adm.Code 4121-3-09(A)(8)(a) and (b).[1] Whether to grant a deposition request is within the discretion of the commission. Ohio Adm.Code 4121-3-09(A)(8)(c). The commission reviews a request under a reasonableness standard:

---

[1] Old Dominion made its request to take the depositions in November 2009. At that time, the provisions of the current Ohio Adm.Code 4121-3-09(A)(8) appeared in subsection (A)(7). *See* former Ohio Adm.Code 4121-3-9(A)(7), 2007-2008 Ohio Monthly Record 2-3151, effective June 1, 2008. There is no substantive difference between the two versions.

> [W]hen determining the reasonableness of the request for deposition or interrogatories the hearing administrator shall consider whether the alleged defect or potential problem raised by the applicant can be adequately addressed or resolved by the claims examiner, hearing administrator, or hearing officer through the adjudicatory process within the commission or the claims process within the bureau of workers' compensation.

Ohio Adm.Code 4121-3-09 (A)(8)(d).

{¶ 25} Here, the hearing officer concluded that any potential defect with the report of Dr. Malinky could be remedied by Old Dominion by other means. With respect to the request to depose Dr. Fitz, the failure to send the psychiatric report of Dr. Clary was not a sufficient reason to depose Dr. Fitz, who had examined the claimant's physical conditions. Therefore, the commission did not abuse its discretion when it denied the requests to depose Dr. Malinky and Dr. Fitz as unreasonable.

C.    The Fitz and Malinky Reports Constituted Some Evidence of Permanent Total Disability

{¶ 26} Finally, Old Dominion maintains that the reports of Drs. Ward, May, and Howard are inconsistent and flawed, and the commission abused its discretion when it used these reports to evaluate the credibility of the reports of Drs. Fitz and Malinky.

{¶ 27} In an order granting or denying benefits, the commission is required to state the evidence upon which it relied to reach its conclusion and to briefly explain why the claimant is or is not entitled to the benefits requested. *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203, 567 N.E.2d 245 (1991). The commission

has the exclusive authority to evaluate the weight and credibility of the evidence. *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 508 N.E.2d 936 (1987).

{¶ 28} Here, the hearing officer relied on the reports of Drs. Fitz and Malinky in reaching the conclusion that the claimant was permanently and totally disabled. In explaining the basis for his decision, the hearing officer provided insight into the factors he considered while evaluating the credibility of the Fitz and Malinky opinions. The hearing officer noted the reports from Drs. Ward, May, and Howard, who also had concluded that the claimant was permanently and totally disabled. The hearing officer further noted that the claim was allowed for "a very serious left hip fracture, and also for psychological conditions, notably post traumatic stress disorder, together with some physical conditions related to the allowed hip fracture." Finally, the hearing officer considered the claimant's prior application for permanent-total-disability benefits that was denied in 2007, the medical evidence submitted by the employer, and the arguments regarding the sufficiency of the evidence.

{¶ 29} A reviewing court's role is to determine whether there is some evidence in the record supporting the commission's decision. When doing so, a court must not second-guess the commission's evaluation of the evidence. *State ex rel. Black v. Indus. Comm.*, 137 Ohio St.3d 75, 2013-Ohio-4550, 997 N.E.2d 536, ¶ 22. Here, the commission relied on the reports of Drs. Fitz and Malinky. Because those reports constitute some evidence to support an award of compensation for permanent total disability, Old Dominion's argument fails.

{¶ 30} Because Old Dominion failed to establish a clear legal right to the relief requested and a clear legal duty on the part of the commission to provide such relief, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, and O'NEILL, JJ., concur.

LANZINGER and KENNEDY, JJ., dissent.

FRENCH, J., not participating.

_____

**LANZINGER, J., dissenting.**

{¶ 31} I agree with Justice Kennedy that the employer in this case was prejudiced when the Industrial Commission failed to provide the medical evaluation reports submitted by the employer to the examining physicians as required by Ohio Adm.Code 4121-3-34(C)(5)(a)(ii) and that we should reverse the judgment of the Tenth District Court of Appeals and grant the writ of mandamus. However, instead of striking the reports of Drs. Fitz and Malinky, I would remand the cause and order the commission to grant Old Dominion's requests for depositions and then hold a new hearing on the application for benefits for permanent total disability.

{¶ 32} While there is no provision for excluding medical reports from consideration at a hearing when a procedural rule of the commission is not followed, Ohio Adm.Code 4121-3-09(A)(8) does set forth a procedure for obtaining the depositions of bureau physicians. This is, in fact, the remedy that Old Dominion requested. Instead of granting this reasonable request, the commission asked Drs. Fitz and Malinky to supplement their reports. It is no surprise that they responded that their opinions had not changed.

{¶ 33} The majority tacitly holds that sending reports four months *after* the bureau's physicians concluded their examinations was a sufficient cure for the rule violation. I do not agree. It is undisputed that the doctors did not review the reports of the Old Dominion's medical experts before examining the claimant, Robert L. Mason, as the rule required them to do. Old Dominion maintains that had the doctors read the defense medical reports before the examinations, their opinions may have differed. The majority opinion faults Old Dominion because it "provided no evidence that its medical reports would have changed the doctors' opinions had they received the reports in advance of their examinations." Majority opinion at

¶ 20. The majority then remarks that "[b]ecause Old Dominion suffered no prejudice when the commission submitted its medical records to Drs. Fitz and Malinky after the examinations were performed, Old Dominion's request to depose each doctor was unreasonable and properly denied." Majority opinion at ¶ 23. That, however, is the very point—without the depositions, Old Dominion was precluded from obtaining the evidence to show that it was prejudiced.

{¶ 34} I respectfully submit that this is flawed logic. The commission clearly erred when it failed to provide the medical evaluations submitted by Old Dominion to Drs. Fitz and Malinky before their examinations. The commission then compounded this error by abusing its discretion when it denied Old Dominion's request to depose the doctors. I would hold that when Ohio Adm.Code 4121-3-34(C)(5)(a)(ii) is not followed, the employer should be permitted to depose the bureaus' physicians.

_____

**KENNEDY, J., dissenting.**

{¶ 35} Respectfully, I dissent. When an employer provides timely notice of its intent to submit medical reports on the claimant's alleged permanent total disability and timely submits those reports pursuant to Ohio Adm.Code 4121-3-34(C)(4)(b), but the Industrial Commission, to the prejudice of the employer, fails to provide those evaluation reports to its examining physicians prior to their examinations as required by Ohio Adm.Code 4121-3-34(C)(5)(a)(ii), the commission's reports should be stricken. Therefore, I would reverse the judgment of the Tenth District Court of Appeals and grant the writ of mandamus ordering the commission to vacate its staff hearing officer's order of March 16, 2010, awarding permanent-total-disability ("PTD") compensation and to conduct further proceedings without considering the reports of Drs. Fitz and Malinky.

{¶ 36} Once the Bureau of Workers' Compensation and the commission adopt rules, they "must follow their own rules as written." State ex rel. H.C.F., Inc.

v. Ohio Bur. of Workers' Comp., 80 Ohio St.3d 642, 647, 687 N.E.2d 763 (1998). *See also* Brooks v. Ohio Bd. of Embalmers & Funeral Dirs., 69 Ohio App.3d 568, 572, 591 N.E.2d 301 (10th Dist.1990) ("an agency is required to comply with the substantive requirements of its own regulations").

{¶ 37} One of the purposes of the commission's rule establishing the process for determining a PTD claim is to "ensure that applications * * * are processed and adjudicated in a fair and timely manner." (Emphasis added.) Ohio Adm.Code 4121-3-34(A). When evaluating a claimant's application for PTD benefits, the commission chooses an examining physician or physicians. *See* Ohio Adm.Code 4121-3-34(C)(5)(a)(iii).

{¶ 38} The rule also permits the claimant's employer to provide independent "medical evidence" to the commission. Ohio Adm.Code 4121-3-34(C)(4)(b). If the employer timely files notice that it intends to submit medical evidence and then provides that evidence to the commission, the commission is required to submit that medical evidence to its examining doctor, prior to his or her examination of the claimant. *See* Ohio Adm.Code 4121-3-34(C)(4)(b) (only where an employer fails to give timely notice of its intent to submit medical evidence is the examination with the examining doctor scheduled "without delay").

{¶ 39} In this case, it is undisputed that the employer, Old Dominion, timely notified the commission that it intended to submit medical evidence and then submitted that evidence. Notably, Old Dominion's medical evidence included reports from three doctors: Richard H. Clary, a psychiatrist; Oscar F. Sterle, an orthopedic surgeon; and Michael A. Murphy, a psychologist. All three had examined the claimant and had reached conclusions that were adverse to his application for PTD. However, the commission failed to deliver Old Dominion's medical evaluations to the doctors selected by the commission, Drs. William R. Fitz and John M. Malinky ("examining doctors") prior to their examination of the claimant.

**{¶ 40}** Approximately four months after receiving the examining doctors' evaluation reports, the commission attempted to cure the defect. It sent all three of the employer's reports to Dr. Malinky and two of the three to Dr. Fitz and asked them whether these reports changed their opinions that the claimant was not permanently and totally disabled. Both responded summarily in a handwritten note on the form that they had reviewed these reports and that they did not change their opinion.

**{¶ 41}** In affirming the Tenth District, the majority asserts that Ohio Adm.Code 4121-3-34 does not prohibit submitting supplemental information to physicians. Thereafter, the majority concludes that because the commission cured the defect and because Old Dominion's claim of prejudice was speculative, the commission did not abuse its discretion in awarding the claimant PTD compensation.

**{¶ 42}** This determination, however, is diametrically opposed to our previous holding that once the commission adopts rules, it must follow its own rules as written. State ex rel. H.C.F., 80 Ohio St.3d at 647, 687 N.E.2d 763. The procedures to be followed in the commission's rule establishing the process for determining a PTD claim depend in part on an employer's compliance with the rule. Ohio Adm.Code 4121-3-34(C)(4)(b). If an employer timely files notice of its intent to submit medical evidence and then submits that evidence, the commission must forward that medical evidence to the examining doctor, prior to his or her examination of the claimant. *See id.* But if the employer fails to timely give notice of its intent to submit medical evidence, the commission will "without delay" schedule its medical examination, *id.,* and the employer's reports are submitted when received. The result is that a compliant employer get its medical evidence considered by the examining doctor before the doctor examines the claimant, while the dilatory employer may not have its evidence considered by the examining doctor until after the examination has occurred.

**{¶ 43}** It is undisputed that Old Dominion is a compliant employer, but the majority's holding treats it otherwise. The majority's holding erodes not only the administrative rule at issue, but the principle that "[a]dministrative regulations issued pursuant to statutory authority have the force and effect of law; consequently, administrative agencies are bound by their own rules until those rules are duly changed." *State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers' Comp.*, 27 Ohio St.3d 25, 28, 500 N.E.2d 1370 (1986).

**{¶ 44}** As the magistrate stated,

> The commission's rules do not provide for addendum reports of the commission's examining physicians when the commission fails to follow its own rules regarding submission of the employer's medical records to the commission's examining physicians. Thus, the commission fashioned a remedy for this occasion in the hope that the addendum reports would cure the problem. In the magistrate's view, the addendum reports do not cure the problem.
>
> We do not know, and cannot ever know, to what extent the timely receipt of relator's medical evidence by Drs. Fitz and Malinky prior to their respective examinations would have influenced the medical conclusions drawn by those physicians in their reports. We only know that the employer's medical evidence did not change the medical conclusions of Drs. Fitz and Malinky when those doctors were asked to reconsider their conclusions after reviewing the employer's medical records.

State ex rel. Old Dominion Freight Line, Inc. v. Indus. Comm., 10th Dist. Franklin No. 11AP-350, 2012-Ohio-2403, ¶ 56-57, cause dismissed, 137 Ohio St.3d 467, 2013-Ohio-4655, 1 N.E.3d 332.

{¶ 45} I agree with the magistrate that the commission must follow its own rules and that the commission's failure to do so prejudiced Old Dominion's right to challenge the claimant's PTD application.

{¶ 46} For the aforementioned reasons, I would hold that when an employer provides timely notice of its intention to submit medical evaluation reports of the claimant and timely submits the reports pursuant to Ohio Adm.Code 4121-3-34(C)(4)(b), but the commission, to the prejudice of the employer, fails to provide those reports to its examining physicians prior to their examinations as required by Ohio Adm.Code 4121-3-34(C)(5)(a)(ii), the commission's reports must be stricken. Therefore, I would reverse the judgment of the Tenth District Court of Appeals and grant the writ of mandamus ordering the commission to vacate its staff hearing officer's order of March 16, 2010, awarding PTD compensation and to conduct further proceedings without considering the reports of Drs. Fitz and Malinky.

{¶ 47} Accordingly, I respectfully dissent.

––––––––––––––––––

Eastman & Smith, Ltd., Mark A. Shaw, and Melissa A. Ebel, for appellant.

Connor, Evans & Hafenstein, L.L.P., Nicole E. Rager, and Katie W. Kimmet, for appellee Robert L. Mason.

Michael DeWine, Attorney General, and Eric Tarbox, Assistant Attorney General, for appellee Industrial Commission.

––––––––––––––––––