Per Curiam.
{¶ 1} Appellant, Old Dominion Freight Line, Inc., filed a complaint in the Tenth District Court of Appeals for a writ of mandamus that would require appellee the Industrial Commission of Ohio to vacate its award of permanent-total-disability compensation to appellee Robert L. Mason.
{¶ 2} The court of appeals denied the writ, concluding that Old Dominion did not have a clear legal right to the relief requested and the commission did not have a corresponding duty to provide such relief. For the reasons that follow, we affirm.
{¶ 3} Mason was injured on January 18, 2005, when he slipped on ice and broke his hip while working as a truck driver for Old Dominion. His claim was allowed for hip fracture, femur fracture, femoral neck fracture, depressive disorder, left short-leg syndrome, lumbar strain, and posttraumatic stress disorder.
{¶ 4} Mason applied for permanent-total-disability compensation in 2007, but the commission denied his application. He applied again in July 2009. Old Dominion notified the commission that it intended to submit medical evidence opposing the application. On September 22, 2009, the employer filed with the commission reports from Richard H. Clary, M.D. (psychiatrist), Oscar F. Sterle, M.D. (orthopedic surgeon), and Michael A. Murphy, Ph.D. (psychologist), who had all examined the claimant on behalf of the employer.
{¶ 5} The commission scheduled independent medical exams for Mason with William R. Fitz, M.D. (for his physical injuries) and with John M. Malinky, Ph.D. (for psychological injuries). On September 23, 2009, the commission mailed Dr. Fitz a confirmation of an October 7 appointment along with a copy of Mason’s medical records, but it did not forward the reports that had been filed by Old Dominion. On October 5, 2009, the commission sent a similar confirmation to Dr. Malinky confirming an October 21 appointment.
{¶ 6} When Old Dominion learned that neither Dr. Fitz nor Dr. Malinky had received the medical reports it submitted, Old Dominion asked to depose the doctors. The commission denied the requests. Instead, the commission sent copies of the reports from Drs. Sterle, Murphy, and Clary to Dr. Malinky and asked whether the reports caused him to change his original opinion. Dr. *15 Malinky stated that his opinion remained the same. The commission sent the reports of Drs. Sterle and Murphy to Dr. Fitz (the report of Dr. Clary was not sent), who likewise replied that the supplemental information had not changed his opinion.
{¶ 7} The commission granted Mason’s application for permanent-total-disability compensation based on the opinions of the commission specialists, Drs. Fitz and Malinky.
{¶ 8} Old Dominion’s complaint alleged that the reports of Drs. Fitz and Malinky were flawed because the doctors did not review the reports of the employer’s medical experts before examining the claimant. Therefore, Old Dominion alleged, the award of permanent-total-disability compensation was an abuse of discretion.
{¶ 9} The court of appeals determined that it was not prejudicial to the employer for the commission to ask an examining physician who has already performed an initial physical examination to consider additional medical records when the commission, in good faith, had failed to submit all the medical records in advance. The court of appeals remanded the case to the magistrate to review remaining arguments, including the sufficiency of the medical evidence. State ex rel. Old Dominion Freight Line, Inc. v. Indus. Comm., 10th Dist. Franklin No. 11AP-350, 2012-Ohio-2403, 2012 WL 1948824 (“Old Dominion I ”).
{¶ 10} Old Dominion filed an appeal that we, sua sponte, dismissed for lack of a final, appealable order. 137 Ohio St.3d 467, 2013-Ohio-4655, 1 N.E.3d 332.
{¶ 11} On remand, a magistrate determined that based on Old Dominion I, the employer suffered no prejudice when the commission submitted its medical reports after the examinations and that Old Dominion’s request to depose the doctors was unreasonable. The magistrate also concluded that the commission did not abuse its discretion when the hearing officer stated that he “particularly note[d]” the opinions of the claimant’s doctors, Richard M. Ward, M.D., Charles B. May, D.O., and Lee Howard, Ph.D., in evaluating the credibility of the Fitz and Malinky reports.
{¶ 12} The court of appeals overruled the objections filed by Old Dominion, adopted the magistrate’s decision, and denied the request for a writ of mandamus.
{¶ 13} This matter is before the court on the appeal as of right filed by Old Dominion.
{¶ 14} To be entitled to extraordinary relief in mandamus, a relator must establish a clear legal right to the relief requested and a clear legal duty on the part of the commission to provide such relief. State ex rel. McCormick v. McDonald’s, 141 Ohio St.3d 528, 2015-Ohio-123, 26 N.E.3d 794, ¶12. Old *16 Dominion is entitled to a writ if it demonstrates that the commission abused its discretion by entering an order not supported by “some evidence” in the record. State ex rel. Avalon Precision Casting Co. v. Indus. Comm., 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, ¶ 9.
{¶ 15} The commission relied on the reports of Drs. Fitz and Malinky as evidence supporting its award of permanent-total-disability compensation. Old Dominion maintains that the reports were flawed because the doctors did not review the defense medical reports in advance of their independent medical examinations. According to Old Dominion, Ohio Adm.Code 4121-3-34(0(2) mandates that the commission submit the medical evidence to its examining physicians in advance of their examinations, and the commission’s failure to do so prejudiced Old Dominion’s ability to defend against the application for permanent-total-disability benefits. Old Dominion maintains that the only reasonable way to cure this failure was to permit Old Dominion to depose each doctor.
A. Supplementing Medical Evidence after the Independent Medical Examinations Did Not Prejudice Old Dominion
{¶ 16} The commission concedes that it inadvertently failed to forward copies of the defense medical reports prior to the examinations, but maintains that it cured the oversight by submitting the reports to the examining doctors after the examinations and asking them for addendum opinions.
{¶ 17} Ohio Adm.Code 4121-3-34(C)(2) requires the commission to serve a copy of the application for permanent-total-disability benefits and supporting documents on the claimant’s employer. The employer then has 14 days to notify the commission if it intends to submit medical evidence in response. Ohio Adm.Code 4121-3-34(C)(4)(b). If so, the evidence must be filed within 60 days. Id.
{¶ 18} Ohio Adm.Code 4121-3-34(C)(5)(a) requires the claims examiner to schedule a medical examination of the injured worker and submit all relevant documents, including medical evidence from the employer, to the examining physician selected by the commission. Scheduling may not be delayed if the employer does not send a 14-day notice of intent to file its own medical evidence.
{¶ 19} Here, Old Dominion notified the commission that it intended to submit medical reports and timely filed three medical reports by the September 22, 2009 deadline. The claims examiner scheduled independent medical examinations with Drs. Fitz and Malinky, but did not send all the medical evidence in advance of the examinations. Old Dominion maintains that had the doctors read the defense medical reports before the examinations, their opinions may have differed.
{¶ 20} There is no dispute that the commission should have sent Old Dominion’s medical evidence to the examining physicians when it sent Mason’s records, *17 but it did not. But Drs. Fitz and Malinky personally examined Mason and presumably each reached an opinion regarding permanent and total disability based on his own exam of the claimant, not the findings of other physicians. Old Dominion provided no evidence that its medical reports would have changed the doctors’ opinions had they received the reports in advance of their examinations.
{¶ 21} Ohio Adm.Code 4121-3-34 does not prohibit submitting supplemental information to physicians. It is not uncommon for a physician to issue, and the commission to accept, an addendum or a supplemental report after a medical examination. See State ex rel. Kish v. Kroger Co., 135 Ohio St.3d 451, 2013-Ohio-1931, 989 N.E.2d 45.
{¶ 22} Once the commission realized its inadvertent omission, it cured any potential problem by sending the relevant records to the doctors and requesting addendum reports. Old Dominion merely speculates that the doctors’ opinions could have been different. We agree with the court of appeals that Old Dominion failed to demonstrate that it was prejudiced by the commission’s delay in sending the records.
B. Old Dominion’s Request to Depose Doctors was Not Reasonable
{¶ 23} Old Dominion argues that the only reasonable way to cure the commission’s failure was to permit Old Dominion to depose each doctor. Because Old Dominion suffered no prejudice when the commission submitted its medical records to Drs. Fitz and Malinky after the examinations were performed, Old Dominion’s request to depose each doctor was unreasonable and properly denied.
{¶ 24} A party who wants to depose a commission physician must make a written request with the reasons for the deposition. Ohio Adm.Code 4121-3-09(A)(8)(a) and (b).[1] Whether to grant a deposition request is within the discretion of the commission. Ohio Adm.Code 4121-3-09(A)(8)(c). The commission reviews a request under a reasonableness standard:
[W]hen determining the reasonableness of the request for deposition or interrogatories the hearing administrator shall consider whether the alleged defect or potential problem raised by the applicant can be adequately addressed or resolved by the claims examiner, hearing administrator, or hearing officer through the adjudicatory process within the commission or the claims process within the bureau of workers’ compensation.
*18 Ohio Adm.Code 4121~3-09(A)(8)(d).
{¶ 25} Here, the hearing officer concluded that any potential defect with the report of Dr. Malinky could be remedied by Old Dominion by other means. With respect to the request to depose Dr. Fitz, the failure to send the psychiatric report of Dr. Clary was not a sufficient reason to depose Dr. Fitz, who had examined the claimant’s physical conditions. Therefore, the commission did not abuse its discretion when it denied the requests to depose Dr. Malinky and Dr. Fitz as unreasonable.
C. The Fitz and Malinky Reports Constituted Some Evidence of Permanent Total Disability
{¶ 26} Finally, Old Dominion maintains that the reports of Drs. Ward, May, and Howard are inconsistent and flawed and that the commission abused its discretion when it used these reports to evaluate the credibility of the reports of Drs. Fitz and Malinky.
{¶ 27} In an order granting or denying benefits, the commission is required to state the evidence upon which it relied to reach its conclusion and to briefly explain why the claimant is or is not entitled to the benefits requested. State ex rel. Noll v. Indus. Comm., 57 Ohio St.3d 203, 567 N.E.2d 245 (1991). The commission has the exclusive authority to evaluate the weight and credibility of the evidence. State ex rel. Burley v. Coil Packing, Inc., 31 Ohio St.3d 18, 508 N.E.2d 936 (1987).
{¶ 28} Here, the hearing officer relied on the reports of Drs. Fitz and Malinky in reaching the conclusion that the claimant was permanently and totally disabled. In explaining the basis for his decision, the hearing officer provided insight into the factors he considered while evaluating the credibility of the Fitz and Malinky opinions. The hearing officer noted the reports from Drs. Ward, May, and Howard, who also had concluded that the claimant was permanently and totally disabled. The hearing officer further noted that the claim was allowed for “a very serious left hip fracture, and also for psychological conditions, notably post traumatic stress disorder, together with some physical conditions related to the allowed hip fracture.” Finally, the hearing officer considered the claimant’s prior application for permanent-total-disability benefits that was denied in 2007, the medical evidence submitted by the employer, and the arguments regarding the sufficiency of the evidence.
{¶ 29} A reviewing court’s role is to determine whether there is some evidence in the record supporting the commission’s decision. When doing so, a court must not second-guess the commission’s evaluation of the evidence. State ex rel. Black v. Indus. Comm., 137 Ohio St.3d 75, 2013-Ohio-4550, 997 N.E.2d 536, ¶ 22. Here, *19 the commission relied on the reports of Drs. Fitz and Malinky. Because those reports constitute some evidence to support an award of compensation for permanent total disability, Old Dominion’s argument fails.
{¶ 30} Because Old Dominion failed to establish a clear legal right to the relief requested and a clear legal duty on the part of the commission to provide such relief, we affirm the judgment of the court of appeals.
Judgment affirmed.
O’ConnoR, C.J., and Pfeifer, O’Donnell, and O’Neill, JJ., concur.
LanzingeR and Kennedy, JJ., dissent.
French, J., not participating.

. Old Dominion made its request to take the depositions in November 2009. At that time, the provisions of the current Ohio Adm.Code 4121-3-09(A)(8) appeared in subsection (A)(7). See former Ohio Adm.Code 4121-3-9(A)(7), 2007-2008 Ohio Monthly Record 2-3151, effective June 1, 2008. There is no substantive difference between the two versions.